Frank S. McCullough, J.
The two actions herein were tried jointly by order of Mr. Justice Dillon. The first action brought by Philip Hirsch as plaintiff against Buono Tire Co., Inc., *790 Anthony Buono and Eva Jane Buono as defendants seeks the following: (1) A judgment of foreclosure on a mortgage, (2) the right to repossess certain chattels which are the subject of an alleged chattel mortgage and to dispose of same at public or private sale, (3) judgment against the two individual defendants on a collateral bond wherein they allegedly agreed to pay the sum of $50,000, plus interest, and (4) judgment against the individual defendants on an alleged guarantee of payment of the note of Buono Tire Co., Inc., in the sum of $50,000.
The answer of the corporate defendant, Buono Tire Co., Inc., consists of a general denial and the assertion of several affirmative defenses including (1) that it has no offices and is not engaged in any business, (2) that it was incorporated solely for the purpose of evading the usury laws, and that the loan, was in fact, intended for the individual defendant, Anthony Buono, (3) that the receipt of the mortgage loan proceeds by defendant, Anthony Buono, in the name of the corporate defendant, and the subsequent depositing of said funds, and the transfer of said funds to one Rhodes, as a purported loan, was a fraud on defendant, Eva Jane Buono, and was the result of a conspiracy between plaintiff, his atttorney, and defendants, Anthony Buono and Eva Jane Buono, (4) that the stockholders of said corporate defendant did not consent to the mortgage, (5) that the corporation did not own the chattels which were the subject of the chattel mortgage, and (6) that the corporation never had an organization meeting, had no power to borrow money and was not authorized by the stockholders to borrow money, and (7) that the corporation was organized solely to conceal a usurious agreement to loan the defendant, Anthony Buono, $50,000 at the interest rate of 18% per annum, and that the corporation paid no consideration for the transfer to it of the real property and the chattels involved in this action.
The answer of the defendant, Anthony Buono, also consists • of a general denial and asserts separate defenses to the effect that the collateral bond and guarantees executed by him are null and void because the mortgage executed by the corporate defendant was itself void as a concealment of a usurious agreement.
The answer of the defendant, Eva Jane Buono, also consists of a general denial and the assertion of separate defenses to the effect that the plaintiff, his attorney, the defendant, Anthony Buono and one Rhodes entered into a corrupt scheme to swindle her of the real estate involved and to subject said property to a usurious mortgage. She also asserts that she executed certain papers while under fear and duress, and without con *791 sideration. Further, she asserts that the corporate defendant was formed to conceal a usurious loan and that the stockholders thereof never consented to the execution of the mortgage nor did any officers or directors. Finally, she asserts that the bond given as collateral security by her contained a rider which is allegedly a forgery and that she signed said bond only as a result of fraud and misrepresentation perpetrated upon her and without consideration.
The second action was brought by Eva Jane Buono as plaintiff against Philip Hirsch, the plaintiff in the first action, Buono Tire Co., Inc., Anthony Buono and Cecil Rhodes, Jr.
The complaint in the second action alleges a conspiracy by the defendants to defraud her and to compel her to convey her interest in certain real property to the corporate defendant and to execute her personal bond to the defendant, Hirsch.
She seeks the following relief: (1) Cancellation of the mortgage note and mortgage on the real property, (2) cancellation of the chattel mortgage, (3) the reconveyance of the real properties from the corporation to her, (4) to enjoin the defendant Hirsch from prosecuting his foreclosure action, and (5) to compel the dissolution of the corporate defendant.
The testimony at the trial unfolded a complex financial transaction which was based at least in part on the gullibility and the greed of individuals. It is for the court to determine in the instant proceeding whether such a transaction fell outside the scope of the protection of the law.
The evidence discloses that on July 17, 1962 the defendant Rhodes filed an application with a broker for a $50,000 mortgage loan for defendant Anthony Buono on Buono’s home in Mount Kisco. It further appears that Philip Hirsch agreed with Rhodes to make the loan without first meeting Buono.
Rhodes showed Hirsch the property which was to be the subject of the mortgage and also certain equipment which was to be covered by a chattel mortgage.
Rhodes had discussed a business transaction with Buono and as a result of such discussions had authorized Rhodes to obtain funds for him through loans. The evidence disclosed that Hirsch had advised that he would only make the loan to a corporation. The corporation which was used as a vehicle for the loan however was not formed until the closing date for the mortgage transaction. On August 14, 1962 Rhodes arranged a meeting between Anthony Buono and Hirsch’s attorney. It appears that as a result of this conference, Hirsch’s attorney prepared papers for the formation of a corporation. Hirsch’s attorney was informed that Buono intended to invest the mort *792 gage proceeds for a personal investment to be made with Rhodes. It is apparent that Hirsch’s attorney was well aware of the fact that the loan was to be made for the purpose of this personal investment and not as part of business to be transacted by the corporation that was formed. Buono and Hirsch met for the first time at the closing on August 20. It appears that although the corporation was allegedly formed on this date, there was apparently no corporate meeting held, nor did the incorporators of the said corporation resign, nor were any nominations for officers made nor was any stock issued. Buono received a check from Philip Hirsch’s attorney in the sum of $50,000 payable to the order of Philip Hirsch and indorsed by him to Buono Tire Co., Inc. It is undisputed that the corporation was formed for no other purpose than to facilitate the mortgage transaction and take the loan out of restrictions imposed as to individuals.
Hirsch’s attorney admitted in his testimony that on the closing date, the minute book and stock book and seal of the corporation had not been delivered to him and that no stock had been issued on that day. The attorney further admitted that on the closing date, discussions that ensued indicated that the loan being made was for the purpose of Buono engaging in a transaction with Rhodes. Certain formal requirements for corporate formation were apparently not attended to at any time on behalf of the purported corporate borrower.
There were other episodes collateral to the actual loan transaction which in some cases taxed the court’s credulity, but which do not bear directly on the issues.
The borrower corporation Buono Tire Co., Inc. apparently never entered into any type of business except to make payments on monthly interest to Hirsch. However Hirsch testified that he forwarded all notices pertaining to the mortgage to Anthony Buono and his wife at their home address and no notices were ever sent to the borrower corporation itself.
As a part of the loan transaction it appears that a bill of sale and chattel mortgage were prepared by Hirsch’s attorney in the transaction. However, the attorney admitted he made no investigation to establish the actual legal ownership of the chattels which were the subject of the chattel mortgage. Further testimony established to the satisfaction of this court that the chattels and equipment were in fact the property of B and B Tire Recapping Co.
The court finds that although the proceeds of the mortgage loan in the instant case were made to the corporation, Philip Hirsch having indorsed a check payable to his order to the *793 order of the said corporation, that in reality the loan was clearly intended to be made to the individual defendants and was in fact for the purpose of enabling Anthony Buono to engage in a personal investment transaction. In this respect, the court is obliged to apply the rationale employed by the Court of Appeals. ( 418 Trading Corp. v. Oconefsky, 14 N Y 2d 676.) That case differed from the instant case only because the proceeds of the loan were made in cash directly to the individuals who were the guarantors of the loan. However, in the instant case, the corporation enjoyed no benefits or use of the proceeds of the loan. Here Hirsch and his attorney were well aware of the fact that the corporation was formed primarily and solely for Buono’s individual purposes. Moreover, the court cannot ignore the fact that Hirsch’s attorney took the mechanical steps necessary to create the purported borrower corporation with full knowledge that the loan was intended, for Buono, and without completing all the legal formalities attendant to the formation of a corporation. The court notes that the lender in the instant case, Hirsch, was a principal in the 418 Trading Gorp. case and is apparently no stranger to the usury law.
In the opinion of the court the mortgage executed herein was void by reason of the usurious rate of interest charged therein and by reason of the fact that the corporation which was the purported borrower was a mere sham and was organized solely to conceal a usurious loan. While the court would not ordinarily be prone to pierce the corporate veil, the circumstances of this case are of such a nature as to justify such action. The corporation was formed for the sole purpose of expediting a loan to an individual at an illegal rate of interest, and the corporation itself was never properly organized in accordance with the procedure prescribed by the New York statutes.
In addition, the chattel mortgage is considered to be void by reason of the fact that the corporate defendant never owned the chattels which were the subject of said chattel mortgage.